Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff David Robinson

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| David Robinson, | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| v. | |
| Sun Communities, Inc., | **Jury Trial Demanded** |
| Defendant. | |

David Robinson ("Plaintiff") alleges the following:

## INTRODUCTION

1. Plaintiff brings this action against Sun Communities, Inc. ("Defendant"), for unlawfully discriminating against Plaintiff because of Plaintiff's disability at Steele Canyon RV Resort located at 1605 Steele Canyon Road in Napa, California.

2. Plaintiff seeks damages, injunctive, and declaratory relief, attorney's fees and costs pursuant to the Americans with Disabilities Act of 1990 ("ADA") and related California statutes

## PARTIES

3. Plaintiff is a natural person and an adult resident of the San Francisco Bay Area. At all times relevant to this Complaint, Plaintiff is and has been considered disabled.

4. Defendant is Maryland Corporation, with its principal office in the State of Michigan, that is and was doing business in the State of California. Defendant owned, managed, operated, or otherwise was responsible for the Steele Canyon RV Resort located at 1605 Steele Canyon Road in

Napa, California ("Steele Canyon") and the real property where the resort is located and operated.

## JURISDICTION

5. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. 1331 and 1343 for violations of the Americans with Disabilities Act of 1990.

6. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California law.

## VENUE

7. Venue is proper in this court pursuant to 28 U.S.C. 1391 and is founded on the fact that Steele Canyon is in this district and that Plaintiff's claims arose in this district.

## FACTUAL ALLEGATIONS

8. Plaintiff suffers from disabilities, and/or medical conditions that are disabilities. Specifically, Plaintiff requires a wheelchair to facilitate his mobility as a result of a spinal cord injury. Plaintiff is a paraplegic due to a tragic motorcycle accident. Plaintiff's symptoms substantially limit his major life activities. Plaintiff has, and at all relevant times, displayed a valid disabled person parking placard issued by the California Department of Motor Vehicles.

9. Plaintiff loves the outdoors. Just like many other Californians, Plaintiff loves camping during the summer in California's vast beautiful recreational areas.

10. Plaintiff lives in the San Francisco Bay Area.

11. Plaintiff was looking for an accessible campsite within a relatively close distance to his home. Lake Berryessa is an area that Plaintiff has visited in the past, so Plaintiff began searching for a campground that would accommodate his disability.

12. Plaintiff came across a website for Steele Canyon, i.e. the Steele Canyon RV Resort located at 1605 Steele Canyon Road in Napa, California. Plaintiff was drawn to the location and various amenities offered by Steele Canyon.

13. In fact, on Defendant's website, Defendant proudly claims:

> [W]e believe that every guest should experience the wonders of nature, connections with family and friends, and resort amenities that feel like home. Our accessible vacation resorts offer accessibility features that

include wheelchair accessible parking and accessible pools and clubhouses. Everyone is free to vacation their way.

14. Plaintiff was drawn to the location and various amenities offered by Steele Canyon.

15. Steele Canyon is open to the public, intended for non-residential use, and its operation affects commerce.

16. Steele Canyon is a public accommodations and business establishments. Specifically, Steele Canyon is place of recreation.

17. Steele Canyon has undergone construction and/or alterations, structural repairs, or additions since July 1, 1970 and/or July 1, 1982.

18. Before visiting, Plaintiff decided to call Defendant to inquire as to the accessible campsites available at Steele Canyon. Upon calling, Plaintiff was very disappointed to learn that Defendant does not actually offer accessible campsites at Steele Canyon.

19. What's more, Plaintiff has come to learn that Defendant's facility lacks other common accessible features. Plaintiff is informed that Defendant's purported accessible facilities have fallen into a state of disrepair. Specifically, the Plaintiff believes the following accessibility barriers exist at Steele Canyon:

   i.   The upper accessible parking is not striped
   ii.  The accessible parking has incorrect signage
   iii. The upper accessible parking surface is not firm, stable, or slip resistant
   iv.  The upper accessible parking has gaps more than one half inch wide
   v.   The accessible parking near the boat launch area is not completely striped
   vi.  The accessible parking near the boat launch area is not firm, stable, or slip resistant
   vii. The path of travel from the accessible parking near the boat launch area requires the user to travel behind a car other than his or her own
   viii. The accessible portable toilet does not have signage
   ix.  Picnic tables do not provide knee or toe clearance
   x.   The accessible parking near day use area is not striped and severely faded

      xi.     The accessible parking near day use area has incorrect signage

      xii.    The accessible parking near the day use area is not firm, stable, or slip resistant

      xiii.   The path of travel from the accessible parking near the day use area requires the user to travel behind a car other than their own

      xiv.   The accessible parking near the day use area has gaps greater than one half inch wide

20. Because of barriers at Steele Canyon, Plaintiff's access to the facilities at Steele Canyon was and is hampered. The accessible parking spaces and path of travel would be difficult for Plaintiff to navigate. Because of Plaintiff's medical condition, the uneven surface along the path of travel would cause Plaintiff pain and discomfort as Plaintiff traversed the cracked surface in his wheelchair.

21. Plaintiff's lives in the San Francisco Bay Area, not far from Steele Canyon. Plaintiff wants to use the facilities at Steele Canyon when Defendant removes the accessibility barriers at Steele Canyon.

22. Plaintiff has suffered and continues to suffer violations of his civil rights to full and equal enjoyment of goods, services, facilities, and privileges, and has suffered and will suffer embarrassment and humiliation.

## FIRST CAUSE OF ACTION

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

23. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

24. Defendant has denied Plaintiff full and equal enjoyment and use of the goods, services, facilities, privileges, and accommodations of Steele Canyon.

<u>Failure to Remove Architectural Barriers at an Existing Property</u>

25. Defendant has failed to remove architectural barriers, which are structural in nature, where it is reasonably achievable, without much difficulty or expense, and the cost of removing the architectural barriers does not exceed the benefits under these particular circumstances.

26. For those barriers where it is not reasonably achievable to remove them, if any,

Defendant has failed to make the goods, services, facilities, or accommodations available through alternative methods that are readily achievable.

<u>Failure to Design and Construct an Accessible Property</u>

27. The improvements at Steele Canyon are believed to have been designed and constructed, or both, after January 26, 1993, independently triggering access requirements under Title III of the ADA.

28. Defendant violated the ADA by failing to design and construct the facilities at Steele Canyon in a manner that was readily accessible to the physically disabled public, including Plaintiff, when it was structurally practical to do so.

<u>Failure to Make an Altered Facility Accessible</u>

29. Plaintiff believes and alleges that Steele Canyon was modified after January 26, 1993, independently triggering access requirements under the ADA.

30. The ADA requires properties altered in a manner that affects or could affect its usability be made easily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).

31. Defendant altered Steele Canyon in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Plaintiff – the maximum extent possible.

<u>Failure to Maintain Accessible Features</u>

32. Defendant violated the ADA by failing to maintain in operable and working condition those features of Steele Canyon that are required to be readily accessible to and be usable by persons with disabilities.

33. Defendant's failure in maintaining Steele Canyon in an accessible condition was not an isolated or temporary interruption in service or access due to maintenance or repairs.

34. The configuration and condition of Steele Canyon denied Plaintiff a public accommodation due to Plaintiff's disability.

35. It is readily achievable for Defendant to remove the architectural barriers.

36. Defendant does not have any legitimate business justification to excuse the condition and configuration of Steele Canyon.

37. Defendant's violations are the cause of suffering for Plaintiff.

38. Plaintiff prays for all relief available under the ADA, including injunctive relief that prohibits violations complained of herein, which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled from full and equal access to these public facilities, as well as attorney's fees, costs, and other expenses for these violations.

## SECOND CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

39. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

40. As described above, Defendant intentionally discriminated against Plaintiff during Plaintiff's visit to Steele Canyon.

41. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

42. Defendant' acts and omissions as specified are in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied Plaintiff's right to "full and equal accommodations, advantages, facilities, privileges or services in all business establishments of every kind whatsoever."

43. Plaintiff was harmed.

44. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

45. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

46. Plaintiff also seeks to enjoin Defendant from violating disabled persons' rights.

47. Although the plaintiff encountered frustration and difficulty by facing discriminatory barriers, even manifesting itself with minor and fleeting physical symptoms, the plaintiff does not value this modest physical personal injury greater than the amount of the statutory damages.

**PRAYER**

Plaintiff hereby prays for the following:

1. Injunctive relief compelling Defendant to cease their discrimination of disabled persons and remove all accessibility barriers that relate to Plaintiff's disability;

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each offense;

3. Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52, 54 and/or Code of Civil Procedure section 1021.5, expenses, and costs of suit;

4. Other relief that the court deems appropriate.

Dated: September 19, 2022                    Law Office of Rick Morin, PC

_____
Richard Morin
Attorney for Plaintiff