John H. Pentecost, Esq., Bar No. 99527
jpentecost@hartkinglaw.com
Robert M. Dickson, Esq., Bar No. 135568
rdickson@hartkinglaw.com
**HART KIENLE PENTECOST**
A PROFESSIONAL CORPORATION
4 Hutton Centre Drive, Suite 900
Santa Ana, California 92707
Telephone:   (714) 432-8700
Facsimile:    (714) 546-7457

Attorneys for Defendant SUN COMMUNITIES, INC.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ROBINSON<br><br>Plaintiff,<br><br>v.<br><br>SUN COMMUNITIES, INC.<br><br>Defendants. | CASE NO. 22-cv-05312-TSH<br><br>**SUN COMMUNITIES, INC. ANSWER TO COMPLAINT**<br><br>**Complaint served: September 23, 2022<br>Current response date: October 14, 2022<br>New response date: November 14, 2022**<br><br>The Hon. Thomas S. Hixson<br>Complaint filed:  September 19, 2022 |

Defendant SUN COMMUNITIES, INC. ("Defendant") hereby submits the following Answer and Affirmative Defenses to the Complaint ("Complaint") filed by Plaintiff DAVID ROBINSON ("Plaintiff"). Defendant does not specifically respond to the headings set forth in the Complaint as they are not averments, except to say Defendant denies all allegations of unlawful conduct. All allegations not specifically admitted in this Answer are denied. Defendant responds further as follows:

1. This answering Defendant denies the allegations of Paragraph 1 of the Complaint that it unlawfully discriminated against Plaintiff. This answering Defendant lacks sufficient information or belief to ascertain the truth or falsity of the allegations contained in Paragraph 1 of the Complaint regarding the existence and/or extent of any disability of Plaintiff or the need for any accommodation, and, on that basis, denies those allegations contained in Paragraph 1 of the Complaint.

2. This answering Defendant admits the allegations set forth in Paragraph 2 of the Complaint as to the relief that is being sought but denies any liability for that relief.

3. This answering Defendant lacks sufficient information or belief to ascertain the truth or falsity of the allegations contained in Paragraph 3 of the Complaint regarding the existence and/or extent of any disability of Plaintiff or the need for any accommodation, and, on that basis, denies those allegations contained in Paragraph 3 of the Complaint.

4. This answering Defendant admits the allegations set forth in Paragraph 4 of the Complaint.

5. This answering Defendant lacks sufficient information or belief to ascertain the truth or falsity of the allegations contained in Paragraph 5 of the Complaint and, on that basis, denies those allegations contained in Paragraph 5 of the Complaint.

6. This answering Defendant lacks sufficient information or belief to ascertain the truth or falsity of the allegations contained in Paragraph 6 of the Complaint and, on that basis, denies those allegations contained in Paragraph 6 of the Complaint.

7. This answering Defendant lacks sufficient information or belief to ascertain the truth or falsity of the allegations contained in Paragraph 7 of the Complaint and, on that basis, denies those allegations contained in Paragraph 7 of the Complaint.

8. This answering Defendant lacks sufficient information or belief to ascertain the truth or falsity of the allegations contained in Paragraph 8 of the Complaint and, on that basis, denies those allegations contained in Paragraph 8 of the Complaint.

9. This answering Defendant lacks sufficient information or belief to ascertain the truth or falsity of the allegations contained in Paragraph 9 of the Complaint and, on that basis, denies those allegations contained in Paragraph 9 of the Complaint.

10. This answering Defendant lacks sufficient information or belief to ascertain the truth or falsity of the allegations contained in Paragraph 10 of the Complaint and, on that basis, denies those allegations contained in Paragraph 10 of the Complaint.

11. This answering Defendant lacks sufficient information or belief to ascertain the truth or falsity of the allegations contained in Paragraph 11 of the Complaint and, on that basis, denies those allegations contained in Paragraph 11 of the Complaint.

12. This answering Defendant lacks sufficient information or belief to ascertain the truth or falsity of the allegations contained in Paragraph 12 of the Complaint and, on that basis, denies those allegations contained in Paragraph 12 of

the Complaint.

13.     Defendant admits the website referenced in Paragraph 13 of the Complaint contained certain language referencing the accessibility of Steele Canyon. However, this was done by mistake and oversight as Steele Canyon is left largely in its natural state without construction or modifications that significantly alter its natural state.

14.     This answering Defendant lacks sufficient information or belief to ascertain the truth or falsity of the allegations contained in Paragraph 14 of the Complaint and, on that basis, denies those allegations contained in Paragraph 14 of the Complaint.

15.     This answering Defendant admits the allegations set forth in Paragraph 15 of the Complaint as to the relief that is being sought but denies any liability for that relief thereof.

16.     This answering Defendant admits the allegations set forth in Paragraph 16 of the Complaint as to the relief that is being sought but denies any liability for that relief.

17.     This answering Defendant does not have information or belief sufficient to respond to the allegations of Paragraph 17 regarding "…construction and/or alterations, structural repairs, or additions…" and on that basis denies those allegations. It is noted that Steele Canyon is left largely in its natural state without construction or modifications that significantly alter its natural state.

18.     This answering Defendant lacks sufficient information or belief to ascertain the truth or falsity of the allegations contained in Paragraph 18 of the Complaint and, on that basis, denies those allegations contained in Paragraph 18 of the Complaint.

19.     This answering Defendant does not have information or belief sufficient to respond to the allegations of Paragraph 19 regarding the allegations

3

contained is subsections i-xiv, and on that basis denies those allegations. It is noted that Steele Canyon is left largely in its natural state without construction or modifications that significantly alter its natural state.

20.	This answering Defendant lacks sufficient information or belief to ascertain the truth or falsity of the allegations contained in Paragraph 20 of the Complaint regarding Plaintiff's alleged accessibility issues and, on that basis, denies those allegations contained in Paragraph 20 of the Complaint.

21.	This answering Defendant lacks sufficient information or belief to ascertain the truth or falsity of the allegations contained in Paragraph 21 of the Complaint and, on that basis, denies those allegations contained in Paragraph 21 of the Complaint.

22.	This answering Defendant lacks sufficient information or belief to ascertain the truth or falsity of the allegations contained in Paragraph 22 of the Complaint and, on that basis, denies those allegations contained in Paragraph 22 of the Complaint.

23.	This answering Defendant incorporates its responses to Paragraphs 1-22 above herein as its response to the allegations of Paragraph 23.

24.	This answering Defendant lacks sufficient information or belief to ascertain the truth or falsity of the allegations contained in Paragraph 24 of the Complaint and, on that basis, denies those allegations contained in Paragraph 24 of the Complaint and denies it took any illegal or discriminatory action against Plaintiff.

25.	This answering Defendant lacks sufficient information or belief to ascertain the truth or falsity of the allegations contained in Paragraph 25 of the Complaint and, on that basis, denies those allegations contained in Paragraph 25 of the Complaint and denies it took any illegal or discriminatory action against Plaintiff.

26. This answering Defendant denies the allegations of Paragraph 26 of the Complaint in that the changes Plaintiff is seeking are not "Readily Achievable".

27. This answering Defendant denies the allegations of Paragraph 27 of the Complaint in that the changes Plaintiff is seeking are not "Readily Achievable" inasmuch as Steele Canyon is left largely in its natural state without construction or modifications that significantly alter its natural state.

28. This answering Defendant denies the allegations of Paragraph 28 of the Complaint.

29. This answering Defendant denies the allegations of Paragraph 29 of the Complaint that nay alterations made triggered the requirements of the ADA.

30. This answering Defendant admits 42 USC § 12183 (a) (2) referenced in Paragraph 30 exists and states what it states.

31. This answering Defendant denies the allegations of Paragraph 31 of the Complaint in that the changes Plaintiff is seeking are not "Readily Achievable" inasmuch as Steele Canyon is left largely in its natural state without construction or modifications that significantly alter its natural state.

32. This answering Defendant denies the allegations of Paragraph 32 of the Complaint in that the changes Plaintiff is seeking are not "Readily Achievable" inasmuch as Steele Canyon is left largely in its natural state without construction or modifications that significantly alter its natural state.

33. This answering Defendant denies the allegations of Paragraph 33 of the Complaint in that the changes Plaintiff is seeking are not "Readily Achievable" inasmuch as Steele Canyon is left largely in its natural state without construction or modifications that significantly alter its natural state.

34. This answering Defendant denies the allegations of Paragraph 34 of the Complaint in that the changes Plaintiff is seeking are not "Readily

Achievable" inasmuch as Steele Canyon is left largely in its natural state without construction or modifications that significantly alter its natural state.

35. This answering Defendant denies the allegations of Paragraph 35 of the Complaint in that the changes Plaintiff is seeking are not "Readily Achievable" inasmuch as Steele Canyon is left largely in its natural state without construction or modifications that significantly alter its natural state.

36. This answering Defendant denies the allegations of Paragraph 36 of the Complaint in that the changes Plaintiff is seeking are not "Readily Achievable" inasmuch as Steele Canyon is left largely in its natural state without construction or modifications that significantly alter its natural state.

37. Defendant denies the allegations of Paragraph 37 contained in Paragraph 37 of the Complaint and lacks information and belief sufficient to admit or deny Plaintiff's suffering.

38. This answering Defendant denies the Plaintiff is entitled to any relief as prayed for in Paragraph 38 of the Complaint.

39. This answering Defendant incorporates its responses to Paragraphs 1-39 above herein as its response to the allegations of Paragraph 39.

40. This answering Defendant denies the allegations of Paragraph 40 of the Complaint.

41. This answering Defendant admits the statutes referenced in Paragraph 41 exist and state what they state.

42. This answering Defendant denies the allegations of Paragraph 42 of the Complaint.

43. This answering Defendant denies Plaintiff was harmed by any action or any inaction on its part as alleged in Paragraph 43 of the Complaint.

44. This answering Defendant denies it was a substantial factor in causing Plaintiff harm by any action or any inaction on its part as alleged in

Paragraph 44 of the Complaint.

45. This answering Defendant denies it was a substantial factor in causing Plaintiff harm by any action or any inaction on its part as alleged in Paragraph 45 of the Complaint.

46. This answering Defendant denies the allegations of Paragraph 46 of the Complaint that Plaintiff is entitled to injunctive relief.

47. This answering Defendant denies the allegations of Paragraph 47 of the Complaint that Plaintiff is entitled to damages, statutorily or otherwise.

## PRAYER

This answering Defendant denies Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

As and for their affirmative defenses to the Complaint, Defendants plead the following:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

1. As a separate and affirmative defense to the Complaint on file herein, and each and every cause of action set forth in said Complaint, this answering Defendant alleges that said Complaint and each and every cause of action therein fails to state a cause of action against this answering Defendants and each of them.

### SECOND AFFIRMATIVE DEFENSE

(Unclean Hands)

2. As a separate and affirmative defense to the Complaint on file herein, and each and every cause of action set forth in said Complaint, this

answering Defendant alleges that to the extent Plaintiff seeks equitable relief, Plaintiffs' inequitable conduct constitutes unclean hands and, therefore, bars the granting of relief to Plaintiffs.

### THIRD AFFIRMATIVE DEFENSE

(Waiver)

3.  As a separate and affirmative defense to the Complaint on file herein, and each and every cause of action set forth in said Complaint, this answering Defendant alleges that Plaintiff was engaged in conduct which constitutes a waiver of Plaintiffs' rights and claims as alleged in the Complaint, thereby excusing Defendants.

### FOURTH AFFIRMATIVE DEFENSE

(Estoppel)

4.  As a separate and affirmative defense to the Complaint on file herein, and each and every cause of action set forth in said Complaint, this answering Defendant alleges that Plaintiff waived any Complaint and are thereby estopped from asserting the causes of action set forth in the Complaint against Defendants.

### FIFTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

5.  As a separate and affirmative defense to the Complaint on file herein, and each and every cause of action set forth in said Complaint, this answering Defendant alleges that Plaintiff failed to mitigate damages.

## SIXTH AFFIRMATIVE DEFENSE

(Lack of Damages)

6.   As a separate and affirmative defense to the Complaint on file herein, and each and every cause of action set forth in said Complaint, this answering Defendant alleges that Plaintiff's Complaint for Damages cannot be sustained because Plaintiff did not suffer any damage.

## SEVENTH AFFIRMATIVE DEFENSE

(Good Faith)

7.   As a separate and affirmative defense to the Complaint on file herein, and each and every cause of action set forth in said Complaint, this answering Defendant alleges that the Complaint, and each and every cause of action set forth therein, is barred because Defendant's actions were undertaken in good faith with the absence of malicious intent and so constitute lawful, proper and justified means to accomplish legitimate business purposes.

## EIGHTH AFFIRMATIVE DEFENSE

(Justification)

8.   As a separate and affirmative defense to the Complaint on file herein, and each and every cause of action set forth in said Complaint, this answering Defendant alleges that any harm or unfairness resulting from matters alleged in the Complaint is outweighed by necessity, utility, and convenience and this answering Defendant alleges that such actions and practices were justified.

## NINTH AFFIRMATIVE DEFENSE

(Laches)

9.   As a separate and affirmative defense to the Complaint on file

herein, and each and every cause of action set forth in said Complaint, this answering Defendant alleges that Plaintiff is barred from maintaining the pending action or to recover the relief or remedies alleged and prayed for in the Complaint, or any other relief or remedies as such claims and remedies are barred by the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE
(Superseding Cause)

10.     As a separate and affirmative defense to the Complaint on file herein, and each and every cause of action set forth in said Complaint, this answering Defendant alleges that the cause of Plaintiff's injuries and damages, if any exist, were caused by a superseding cause unrelated to this answering Defendant's actions or conduct.

## ELEVENTH AFFIRMATIVE DEFENSE
(Comparative/Contributory Negligence)

11.     As a separate and affirmative defense to the Complaint on file herein, and each and every cause of action set forth in said Complaint, this answering Defendant alleges that Plaintiff was negligent and failed to exercise sufficient care, thereby causing damages and claims for which this answering Defendant is not responsible and/or parties other than this answering Defendant are responsible.

## TWELFTH AFFIRMATIVE DEFENSE
(Mutual Mistake of Material Fact)

12.     As a separate and affirmative defense to the Complaint on file herein, and each and every cause of action set forth in said Complaint, this answering Defendant alleges that the Complaint, and each and every cause of action

set therein, is barred due to mutual mistake of material fact.

## THIRTEENTH AFFIRMATIVE DEFENSE

(In Pari Delicto)

13.    As a separate and affirmative defense to the Complaint on file herein, and each and every cause of action set forth in said Complaint, this answering Defendant alleges that Plaintiff's claims are barred by the doctrine of in pari delicto.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Justification)

14.    As a separate and affirmative defense to the Complaint on file herein, and each and every cause of action set forth in said Complaint, this answering Defendant alleges that some or all of Plaintiff's claims are barred by the business or legal justification defense.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Repairs Demanded are not "Readily Achievable")

15.    As a separate and affirmative defense to the Complaint on file herein, and each and every cause of action set forth in said Complaint, this answering Defendant alleges that the repairs demanded in the Complaint are not "Readily Achievable" means (as defined by C.F.R. § 36.104).

## SIXTEENTH AFFIRMATIVE DEFENSE

(Reservation of Additional Affirmative Defenses)

16.    As a separate and affirmative defense to the Complaint on file herein, and each and every cause of action set forth in said Complaint, this answering Defendant alleges that certain separate and additional defenses to the

entire Complaint or to individual causes of action therein may be available to them. However, these separate and additional defenses require discovery be completed before they can be properly asserted. Therefore, this answering Defendant will move to amend its Answer to the Complaint, if necessary, to allege such separate and additional defenses after they have been ascertained by this answering Defendant or according to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, this answering Defendant requests .2 the following relief:

1. Plaintiff's entire Complaint be dismissed in its entirety with prejudice;
2. Judgment be entered in favor of this answering Defendant;
3. This answering Defendant be awarded costs of suit; and
5. This answering Defendant be awarded such other and further relief as the Court deems appropriate and proper.

## DEMAND FOR JURY TRIAL

This answering Defendant demands a trial by jury on all issues triable by jury.

Dated: November 14, 2022         HART KIENLE PENTECOST

By: _____
John H. Pentecost
Robert M. Dickson
Attorneys for Defendant Sun
Communities, Inc.

## PROOF OF SERVICE
*Robinson v. Sun Communities, Inc., et al.*
*Case Number: 3:22-cv-05312-TSH*

I, the undersigned, am an employee in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; am employed with Hart Kienle Pentecost and my business address is 4 Hutton Centre Drive, Suite 900, Santa Ana, CA 92707; alara@hkplawfirm.com

On November 14, 2022, I caused the foregoing document(s) described as **SUN COMMUNITIES, INC. ANSWER TO COMPLAINT** to be served on the interested parties in this action as follows:

☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as stated below or
☒ by sending a copy as stated and addressed below:

PLEASE SEE ATTACED

☐ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid Santa Ana, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in the affidavit.

☒ **BY ELECTRONIC SERVICE.** I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **BY PERSONAL SERVICE:** I personally delivered the documents to the persons at the addresses listed herein. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

☐ [State] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ [Federal] I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 14, 2022, at Santa Ana, California.

*/s/ signature/*

Anna Lara

---

**PROOF OF SERVICE**
*Robinson v. Sun Communities, Inc., et al.*
*Case Number: 3:22-cv-05312-TSH*

Richard J. Morin
Law Office of Rick Morin, PC
555 Capitol Mall, Suite 750
Sacramento, CA 95814
(916) 333-2222
Email: legal@rickmorin.net

Richard J. Morin
Law Office of Rick Morin, PC
555 Capitol Mall, Suite 750
Newport Beach, CA 92660
(949) 996-3094
Email: legal@rickmorin.net

*Attorney for Plaintiff David Robinson*